UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § § | |
| ANN SUSAN HIGHTOWER, | § § | Case No. 18-35886 |
| Debtor. | § § § | (Chapter 7) |
| EVA S. ENGELHART, CHAPTER 7 TRUSTEE, | § § § § | |
| Plaintiff, | § § | Adv. No. 19-_____ |
| vs. | § § § | |
| BAYLOR UNIVERSITY, | § § § | |
| Defendant. | § | |

## COMPLAINT

Eva S. Engelhart ("Trustee"), chapter 7 trustee for the estate of Ann Susan Hightower (the "Debtor"), files this original complaint against Baylor University ("Baylor" or the "Defendant").

## Parties

1. The Trustee may be served in this adversary through the undersigned counsel.

2. Defendant Baylor University is a Texas nonprofit corporation and may be served through its registered agent for service of process, C T Corporation System, 1999 Bryan St., Suite 900, Dallas, TX 75201-3136.

## Jurisdiction and Venue

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334.  Relief is sought pursuant to 11 U.S.C. §§ 544, 548 and 550, Tex. Bus. & Comm. Code Ann. § 24.001 *et seq.* and other applicable law.

1

4.  This adversary is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (H), and (O). The Trustee consents to the entry of final orders or judgment by the bankruptcy judge if it is determined that the bankruptcy judge, absent consent of the parties, cannot enter final orders or judgment consistent with Article III of the United States Constitution.

5.  Venue is proper in this district pursuant to 28 U.S.C. § 1409(a).

## SUMMARY OF THE TRUSTEE'S COMPLAINT

6.  Pursuant to 11 U.S.C. §§ 544, 548 and 550, Tex. Bus. & Com. Code Ann. § 24.001 *et seq*. and other applicable law, the Trustee seeks to recover transfers of personal property or its value made from the Debtor's community property to the Defendant as both an actual and constructive fraudulent transfer.

7.  The Trustee also seeks her attorneys' fees, costs and interest in accordance with applicable law.

## STATEMENT OF RELEVANT FACTS

8.  Prior to filing bankruptcy, the Debtor was, among other things, the Vice President and Secretary of Hightower Capital Group, Inc. ("HCG"), and her husband, William Andrew Hightower, was the President and Treasurer of HCG.

9.  On information and belief, HCG was formed in Texas on February 17, 2010.

10. On information and belief, the Financial Industry Regulatory Authority (FINRA) banned William Hightower from acting as a securities broker or associating with a broker-dealer firm in October 2015.

11. On or about October 3, 2018, the United States Attorney's Office for the Southern District of Texas indicted William Hightower on thirteen counts including wire fraud, mail fraud, and money laundering in connection with his activities at HCG, which William Hightower

allegedly ran as a Ponzi scheme. *U.S. v. William Andrew Hightower*, Cause No. 4:18-CR-00600 (the "Criminal Case"). A copy of the indictment in the Criminal Case is attached hereto as **Exhibit A**.

12. The indictment alleges that the fraudulent scheme began in or about January 2013 and continued until the date of the indictment. The indictment further alleges that William Hightower fraudulently induced victims to transfer funds to HCG in an amount of at least $6,010,000.00.

13. In 2018 and 2019, former HCG clients filed lawsuits in both state and federal court alleging that HCG, William Hightower and the Debtor defrauded them.

14. William Hightower owned an account at Post Oak Bank (xxxxxx1624) (the "Account"), which he opened on or about December 1, 2004. The Debtor was a named beneficiary on the Account. Post Oak Bank closed the Account on or about September 27, 2018.

15. HCG made transfers to the Account over several years.

16. The Debtor and William Hightower have been married for over thirty years. All funds in the Account were community property of the Debtor and William Hightower.

17. William Hightower made the following transfers to the Defendant from the Account within two years of the Petition Date (collectively, the "2017 Transfers"):

| Date | Amount | Payee | Notation |
| --- | --- | --- | --- |
| 02/22/2017 | $10,000.00 | Baylor University | "Men's Basketball Program" |
| 05/12/2017 | $71,428.15 | Baylor University | "Donation" |
| 12/07/2017 | $10,000.00 | Baylor University | "Men's Basketball" |
| Total | $91,428.15 | | |

7270001v1

18. William Hightower made the following transfers to the Defendant from the Account within four years of the Petition Date (collectively with the 2017 Transfers, the "Transfers"):

| Date | Amount | Payee | Notation |
|---|---|---|---|
| 09/24/2015 | $71,427.12 | Baylor University | "Gift" |
| 10/22/2015 | $10,000.00 | Baylor University | "Gift-Men's Basketball" |
| 01/06/2016 | $20,000.00 | Baylor University | "Thad Griffin Scholarship Fund" |
| Total | $101,427.12 | | |

19. Copies of the checks evidencing the Transfers are attached hereto as **Exhibit B**.

20. Neither the Debtor nor William Hightower received any value from the Defendant in exchange for the Transfers.

21. The Debtor and William Hightower had negative gross income in 2015 and 2016. The Debtor had gross income of $93,388.00 in 2017.

*The Bankruptcy Case*

22. On October 22, 2018 (the "Petition Date"), the Debtor filed her voluntary petition for bankruptcy relief under Chapter 7 of Title 11 of the United States Bankruptcy Code.

23. On October 22, 2018, the Trustee was duly appointed as the chapter 7 trustee in this case.

7270001v1

**ACTUAL FRAUDULENT TRANSFER UNDER 11 U.S.C. § 548(a)(1)(A)**

24. The Trustee incorporates paragraphs 1 through 23 as if set forth fully herein.

25. The 2017 Transfers are avoidable as actual fraudulent transfers under 11 U.S.C. § 548(a)(1)(A).

26. William Hightower made the 2017 Transfers with actual intent to hinder, delay, or defraud creditors.

27. The 2017 Transfers were transfers of interests in community property owned by the Debtor and William Hightower.

28. The 2017 Transfers occurred within two years before the Petition Date.

29. Prior to making the 2017 Transfers, William Hightower was under criminal investigation for actions related to HCG.

30. The Debtor and William Hightower received no value or less than reasonably equivalent value from the Defendant in exchange for the 2017 Transfers.

31. The Debtor was insolvent at the time of the 2017 Transfers.

32. The 2017 Transfers occurred during a time period when William Hightower was incurring substantial debts based on the fraudulent activity related to HCG.

33. The Debtor and William Hightower are not able to explain the dissipation of assets from HCG.

**CONSTRUCTIVE FRAUDULENT TRANSFER UNDER 11 U.S.C. § 548(a)(1)(B)**

34. The Trustee incorporates paragraphs 1 through 23 as if set forth fully herein.

35. The 2017 Transfers are avoidable as constructive fraudulent transfers under 11 U.S.C. § 548(a)(1)(B).

5

36. The 2017 Transfers were transfers of interests in community property owned by the Debtor and William Hightower.

37. The 2017 Transfers occurred within two years before the Petition Date.

38. The Debtor and William Hightower received no value or less than reasonably equivalent value from the Defendant in exchange for the 2017 Transfers.

39. The Debtor and William Hightower were insolvent at the time of the 2017 Transfers.

40. William Hightower, through his fraudulent actions in connection with HCG, intended to incur debts that would be beyond the ability of the Debtor and William Hightower to pay as such debts matured at the time of the 2017 Transfers.

### RECOVERY OF THE TRANSFER UNDER 11 U.S.C. § 550

41. The Trustee incorporates paragraphs 1 through 40 as if set forth fully herein.

42. Under § 550(a) of the Code, the Trustee can recover the 2017 Transfers or the value of the 2017 Transfers from "the initial transferee of such transfer or the entity for whose benefit such transfer was made." 11 U.S.C. § 550(a)(1). Additionally, the Trustee can recover the 2017 Transfers or the value of the 2017 Transfers from "any immediate or mediate transferee of such initial transferee." 11 U.S.C. § 550(a)(2).

43. Baylor was the initial transferee as specifically set forth above. In the alternative, Baylor was the beneficiary of the 2017 Transfers or an immediate or mediate transferee. The Trustee requests that the Court enter a judgment against Baylor: (i) avoiding the 2017 Transfers; and (ii) ordering the immediate return of the value of the 2017 Transfers, plus pre- and post-judgment interest, to the estate.

7270001v1

## ACTUAL FRAUDULENT TRANSFER UNDER TEXAS LAW

44. The Trustee incorporates paragraphs 1 through 23 as if set forth fully herein.

45. The Transfers were made in violation of TEX. BUS. & COM. CODE ANN. § 24.001 *et seq.*, which the Trustee incorporates pursuant to 11 U.S.C. § 544.

46. William Hightower made the Transfers with actual intent to hinder, delay, or defraud creditors.

47. The Transfers were of interests in community property held by the Debtor and William Hightower.

48. The Transfers occurred within four years of the Petition Date.

49. The Debtor and William Hightower received no value or less than reasonably equivalent value from the Defendant in exchange for the Transfers.

50. The Debtor was insolvent at the time of the Transfers.

51. The Transfers occurred during a time period when William Hightower was incurring substantial debts based on the fraudulent activity related to HCG.

52. The Debtor and William Hightower are not able to explain the dissipation of assets from HCG.

53. The claims of creditors who were defrauded as part of the HCG scheme pre-date the first Transfer.

54. Therefore, a creditor exists whose claim arose before or within a reasonable time after the occurrence of the Transfers for whom the Trustee can act.

## CONSTRUCTIVE FRAUDULENT TRANSFER UNDER TEXAS LAW

55. The Trustee incorporates paragraphs 1 through 54 as if set forth fully herein.

7270001v1

56. The Transfers were made in violation of TEX. BUS. & COM. CODE ANN. § 24.001 *et seq.*, which the Trustee incorporates pursuant to 11 U.S.C. § 544.

57. The Transfers were transfers of interests in community property owned by the Debtor and William Hightower.

58. The Transfers incurred within four years of the Petition Date.

59. The Debtor and William Hightower received no value or less than reasonably equivalent value from the Defendant in exchange for the Transfers.

60. The Debtor was insolvent at the time of the Transfers.

61. William Hightower intended to incur debts that would be beyond William Hightower and the Debtor's ability to pay as such debts matured.

62. The claims of creditors who were defrauded as part of the HCG scheme pre-date the first Transfer.

63. Therefore, a creditor exists whose claim arose before or within a reasonable time after the occurrence of the Transfers for whom the Trustee can act.

### RECOVERY OF THE TRANSFER UNDER TEXAS LAW

64. The Trustee incorporates paragraphs 1 through 63 as if set forth fully herein.

65. The Trustee seeks (i) the avoidance of the Transfers and (ii) the return of the value of the Transfers and/or money damages against Defendant pursuant to TEX. BUS. & COM. CODE ANN. § 24.008.

### ATTORNEY'S FEES

66. The Trustee requests an award of her reasonable fees and costs pursuant to TEX. BUS. & COM. CODE ANN. § 24.013 and other applicable law.

7270001v1

### REQUEST FOR PRE- AND POST-JUDGMENT INTEREST

67. The Trustee seeks pre-judgment interest on the value of the Transfers from the date of transfer through the date of judgment at the rate of 5% per annum. The Trustee seeks post-judgment interest on all money damages awarded hereunder from the date of judgment until paid at the prevailing federal judgment rate.

### PRAYER

Accordingly, the Trustee requests the Court to enter judgment as set forth above and to grant such other relief as is just.

**Dated: May 7, 2019.**

Respectfully submitted,

**Porter Hedges LLP**

By: */s/ Aaron J. Power*
Joshua W. Wolfshohl
State Bar No. 24038592
Aaron J. Power
State Bar No. 24058058
1000 Main Street, 36th Floor
Houston, Texas 77002
(713) 226-6000
(713) 228-1331 (fax)

**Counsel for Eva S. Engelhart, Trustee**